## CIRCUIT COURT OF HENRICO COUNTY

John Miller

v.

Nancy Miller

July 19, 1988

Case No. 86C514

By JUDGE JAMES E. KULP

This matter is before the Court on the defendant's Exception to the Commissioner's Report, the plaintiff having filed no exceptions. Pursuant to notice, the Court heard defendant's argument on June 27, 1988.

The only exception filed by the defendant is that "[i]n adjudicating the equitable distribution of marital property in this case, the Commissioner improperly failed to consider the plaintiff's salary in the 3½ months between his desertion of the defendant and his filing for divorce in March, 1985." The uncontradicted evidence establishes that the separation of the parties occurred on December 7, 1984. It appears that the plaintiff made a filing in mid-March, 1985, in the courts of Louisiana for a divorce. (TR. 8/20/87, p. 73). The evidence also establishes that plaintiff's salary during this time was $75,000. (TR. 8/20/87, p. 12).

There appears to be some contradiction in the Commissioner's Report concerning the issue of plaintiff's salary during this period. On page 3 the Commissioner finds the salary to be marital property, whereas on page 11, the Commissioner finds the salary cannot be considered in determining the monetary award due to lack of evidence whether it was marital property.

As the defendant points out, the law in existence at the time of the filing of this suit on May 15, 1986, was that all property acquired by either spouse during the marriage, *and before the filing of a bill of complaint stating a ground for divorce*, was presumed to be marital property in the absence of satisfactory evidence that it was separate property. This statute, § 20-107.3(A)(2), was amended in July, 1986, to change the presumption date from filing for divorce to the date of separation. The rights of the parties are to be determined in accordance with the law in effect when the action was begun. *See Price v. Price*, 4 Va. App. 224 (1987). No proof being offered that the plaintiff's salary during this period was separate property, the Court finds that the Commissioner was correct when he determined that this salary was marital property. Accordingly, plaintiff's salary for the three-month and one-week period should have been considered by the Commissioner in determining the amount of the monetary award. *See* § 20-107.3(D).

The Court finds that plaintiff's salary during this period was $20,313.00. The evidence shows that plaintiff paid defendant $530.00 during this period as spousal and child support. *See* Plaintiff's Exhibit 4 and TR. 8/20/87, p. 113. It further appears that plaintiff paid off some of the joint debts during this period; however, the exact amount is uncertain. (TR. 8/20/87, pp. 124-125). After considering all the factors, the Court is of the opinion that the monetary award to defendant should be increased by $8,750.00, making the total award $32,363.75.

In all other respects, the report of the Commissioner is accepted.